IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC AMARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-973-SLR |
| | ) |
| WARDEN J. R. JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Eric Amaro ("plaintiff"), a pretrial detainee at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 1)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See *Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See *id.* at 346.

6. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

7. **Allegations in the Complaint.** Plaintiff alleges that on August 20, 2015, he and inmate James Height ("Height") were standing in line when Height asked defendant

3

Adam Scott ("Scott") for a telephone sheet. Height pointed to a location where the phone sheets were kept. Plaintiff alleges that Scott assumed that Height had stolen the portable telephone and ordered Height to his cell. Height shared the cell with plaintiff and inmate Brian Turnwell ("Turnwell").

8. A few minutes later plaintiff went to the cell and asked Height what had upset Scott. A few minutes after that, defendants C/O John Janvsienicz ("Janvsienicz"), Cpl. Amos Callaway ("Callaway"), and Neal Kirk ("Kirk") ran onto the tier and ordered everyone to lock in. Next, Callaway and Janvsienicz went into inmate Busey's ("Busey") cell, slammed him against the wall asked, "where was the phone." Busey yelled that it was not him and Scott told the officers the inmate was "next door." Thirty seconds later, Callaway and Janvsienicz rushed into plaintiff's cell and asked who took the phone. Both plaintiff and Height denied taking the phone.[2]

9. Scott entered the cell. Callaway grabbed Height and slammed him against the wall. Plaintiff told the officers that Height did not have the phone and told Callaway (because of his actions) that Callaway was about to kill Height. At that point, Callaway and Janvsienicz slammed Height to the floor and began to punch and kick him. Height was handcuffed and taken from the tier. Plaintiff told Scott that he was wrong to accuse Height of stealing the phone.

10. While on lock-down, Kirk came to plaintiff's cell and ordered him to open the door. Plaintiff alleges that Kirk threatened him and plaintiff told him that he had done nothing to deserve the way Kirk was speaking to him. Plaintiff alleges that Kirk grabbed

---

[2]According to plaintiff, it turned out that the phone was in Scott's pocket.

4

him by the shirt, punched him and scratched his neck. Plaintiff was ordered to stay in his cell until the 4 to 12 shift officers arrived. Plaintiff alleges that he was denied medical care prior to the time the 4 to 12 shift officers arrived.

11. Plaintiff submitted a grievance regarding the matter. After he submitted the grievance, Callaway fired plaintiff from his job. In addition, Kirk told plaintiff that he had obtained his address and threatened plaintiff that "whatever [plaintiff] did to his family in jail, . . . they would take it out on [plaintiff's] family in the street." In addition, Callaway and Kirk have yelled out plaintiff's address and his girlfriend's name. Plaintiff wrote to defendant Warden J. R. Johnson ("Johnson"), but received no response. He seeks compensatory damages. Plaintiff requests counsel (D.I. 8) and moves for an order to turn over all evidence (D.I. 12).

12. **Discussion.** Plaintiff alleges that Scott and Janvsienicz took unlawful action against Height. "The 'core component'" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343 (2006) (citations omitted). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

13. The complaint refers to actions taken by Janvsienicz and Scott against plaintiff's cellmate, Height. The complaint does not allege that plaintiff suffered a personal injury fairly traceable to those actions. Nor may plaintiff recover for alleged injuries suffered by Height. In addition, as a non-attorney, plaintiff may represent only

5

himself and not Height. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children). Plaintiff does not have standing to raise claims on behalf of Height. Therefore, the court will dismiss the claims against Janvsienicz and Scott as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

14. **Personal Involvement.** Plaintiff has named Johnson and Commissioner Robert Coupe ("Coupe") as defendants. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).

15. Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. *Evancho*, 423 F.3d at 353. As is well established, § 1983 liability cannot be predicated solely on respondeat superior. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can only be imposed if the state actor played an "affirmative part" in the alleged misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *See Rode*, 845 F.2d at 1207-08. In addition, simply alleging that an official failed to respond to a letter or request an inmate may have sent raising complaints, is not enough to demonstrate personal

involvement. *See Mutschler v. Tritt*, 2015 WL 4403609 (M.D. Pa. July 17, 2015); *Rivera v. Fischer*, 655 F. Supp. 2d 235 (W.D.N.Y. 2009) (finding that many courts have held that merely writing a letter of complaint does not provide personal involvement necessary to maintain a § 1983 claim).

16. There are no allegations in the complaint directed towards Coupe. The only mention of Johnson is that plaintiff wrote to him regarding the alleged incident and received no response. Accordingly, dismissal of Coupe and Johnson is appropriate for lack of personal involvement pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

17. **Request for Counsel**. Plaintiff requests counsel on the grounds that civil matters can be complicated and he does not want to miss any court imposed deadlines. (D.I. 8) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

18. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity

---

[3]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

to retain counsel on his own behalf; (5) the extent to which a
case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

19. Assuming, solely for the purpose of deciding this motion, that plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, the issues are not complex. Finally, this case is in its early stages and defendants have yet to be served. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary.

20. **Motion to Turn Over Evidence**. Plaintiff seeks discovery from defendants. (D.I. 12) The motion is premature given that defendants have not been served and the court has yet to enter a scheduling and discovery order. Therefore, the court will deny the motion as premature without prejudice to renew.

21. **Conclusion**. For the above reasons, the court will: (1) dismiss defendants Johnson, Coupe, Janvsienicz and Scott and the claims against them as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1); (2) allow plaintiff proceed with the excessive force claim against Kirk and the retaliation claim against Callaway; (3) deny plaintiff's request for counsel without prejudice to renew; and (4) deny plaintiff's

request for discovery as premature without prejudice to renew.  A separate order shall issue.


Dated: March __15__, 2016

_____
UNITED STATES DISTRICT JUDGE