IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC AMARO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No.15-973-SLR ) |
| NEAL KIRK, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

At Wilmington this day of June, 2017, having considered plaintiff's motion to alter or amend the judgment, construed as a motion for reconsideration (D.I. 63);

1. Plaintiff, an inmate at the James T. Vaughn Correctional Center, moves for reconsideration of the May 12, 2017 memorandum and order that granted summary judgment in favor of defendants. (*See* D.I. 60, 61, 62) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

2. The court has again reviewed the record and the positions set forth by the parties in the motion for summary judgment and plaintiff's opposition thereto. In doing

so, the court finds that plaintiff has failed to demonstrate grounds for reconsideration and, therefore, his motion will be denied.

3. **Conclusion**. For the above reasons, the court will deny the motion for reconsideration. (D.I. 63) A separate order shall issue.

_____
Senior United States District Judge